**JUDGE FURMAN**

**13 CV 2402**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

JOSEPH BUONINCONTRI,

                    Plaintiff,

            -against-

Police Officer WILLIAM BALL, Shield No. 18253; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.
-------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

[RECEIVED APR 10 2013 U.S.D.C. S.D.N.Y. CASHIERS stamp]

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Joseph Buonincontri ("plaintiff" or "Mr. Buonincontri") is a resident of Nassau County in the City and State of New York.

7. Defendant Police Officer William Ball, Shield No. 18253 ("Ball"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ball is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 1:50 a.m. on September 25, 2012, plaintiff was lawfully

2

operating his vehicle in the vicinity of 1540 Broadway, in New York, New York.

12. The defendants approached his vehicle and without probable cause or reasonable suspicion to believe Mr. Buonincontri had committed any crime or offense, directed him to step out of his vehicle.

13. Defendants forced Mr. Buonincontri to undergo various coordination tests on the street and plaintiff, who was sober, complied with the defendants' instructions.

14. Plaintiff assured defendants that he was not intoxicated.

15. Notwithstanding, defendants handcuffed and arrested Mr. Buonincontri and he was taken to a police precinct.

16. A Breathalyzer test was administered, and the result confirmed that Mr. Buonincontri had no alcohol in his system.

17. Even though the officers were aware of the results of the breathalyzer, they falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff driving while under the influence of alcohol, and prepared false paperwork to the effect including an arrest report.

18. After being held at the precinct for approximately two days, Mr. Buonincontri was taken to Manhattan Central Booking, also known as the Tombs.

19. Plaintiff was ultimately arraigned in New York County Criminal Court, was released on his own recognizance and compelled to return to court.

20. On or about January 24, 2013, all criminal charges against Mr. Buonincontri were dismissed in their entirety.

21. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

24. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Malicious Prosecution

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

30. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

31. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The individual defendants created false evidence against plaintiff.

34. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

35. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

39. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   April 9, 2013
         New York, New York

HARVIS WRIGHT
SALEEM & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwsflegal.com

*Attorney for plaintiff*